**PAUL J. HETZNECKER, ESQUIRE**
Attorney I.D. No. 49990
1420 Walnut Street, Suite 911
Philadelphia, PA 19102
(215) 893-9640                               Attorney for Plaintiff Jonathan Akubu

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN AKUBU** | : | CIVIL ACTION |
| 3836 Bromstead Street | : | |
| Drexel Hill, PA   19026 | : | |
| **Plaintiff** | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **CORRECTIONAL OFFICER WISEBACK** | : | |
| **Individually and in Official Capacity as** | : | |
| **Correctional Officer at the Curran Fromhold** | : | |
| **Correctional Facility** | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | NO. |
| and | : | |
| **CORRECTIONAL OFFICER TRACY GRANT-PRATT**: | | |
| **Individually and in Official Capacity as** | : | |
| **Correctional Officer at the Curran Fromhold** | : | |
| **Correctional Facility** | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |
| and | : | |
| **CORRECTIONAL OFFICER TYREE HOLMES-IRVIN**: | | |
| **Individually and in Official Capacity as** | : | |
| **Correctional Officer at the Curran Fromhold** | : | |
| **Correctional Facility** | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |
| and | : | |

1

| | |
|---|---|
| **CORRECTIONAL OFFICER OLIVER** | : |
| **Individually and in Official Capacity as** | : |
| **Correctional Officer at the Curran Fromhold** | : |
| **Correctional Facility** | : |
| **7901 State Road** | : |
| **Philadelphia, PA 19136** | : |
| and | : |
| **COMMISSIONER LOUIS GIORLA** | : |
| **Individually and as Commissioner of Prisons** | : |
| **of the Curran Fromhold Correctional Facility** | : |
| **c/o City of Philadelphia – Law Department** | : |
| **1515 Arch Street** | : |
| **Philadelphia, PA 19103** | : |
| and | : |
| **WARDEN DELANEY** | : |
| **Individual and in Official Capacity as Warden of** | : |
| **Curran Fromhold Correctional Facility** | : |
| **7901 State Road** | : |
| **Philadelphia, PA 19136** | : |
| and | : |
| **CAPTAIN JOHN/JANE DOE** | : |
| **Individually and in Official Capacity as** | : |
| **Captain of the Curran Fromhold Correctional Facility** | : |
| **7901 State Road** | : |
| **Philadelphia, PA 19136** | : |
| and | : |
| **SERGEANT DeJESUS** | : |
| **Individually and in Official Capacity as** | : |
| **Sergeant of the Curran Fromhold Correctional Facility** | : |
| **7901 State Road** | : |
| **Philadelphia, PA 19136** | : |
| and | : |
| **LIEUTENANT JOHN/JANE DOE** | : |
| **Individually and in Official Capacity as** | : |
| **Lieutenant of the Curran Fromhold Correctional Facility** | : |
| **7901 State Road** | : |
| **Philadelphia, PA 19136** | : |
| and | : |
| **CORRECTIONAL OFFICER JOHN/JANE DOE** | : |
| **Individually and in Official Capacity as Correctional** | : |
| **Officer of the Curran Fromhold Correctional Facility** | : |
| **7901 State Road** | : |

| | |
|---|---|
| Philadelphia, PA 19136 | : |
| and | : |
| **CORRECTIONAL OFFICER JOHN/JANE ROE** | : |
| **Individually and in Official Capacity as Correctional** | : |
| **Officer of the Curran Fromhold Correctional Facility** | : |
| 7901 State Road | : |
| Philadelphia, PA 19136 | : |
| and | : |
| **CITY OF PHILADELPHIA** | : |
| City of Philadelphia - Law Department | : |
| 1515 Arch Street, 15th Floor | : |
| Philadelphia, PA 19103 | : |
| **Defendants** | : |

## COMPLAINT

1. This is a complaint for money damages brought pursuant to 42 U.S.C. §1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution, and under the Commonwealth of Pennsylvania Constitution. Jurisdiction is based upon 28 U.S.C. §1331 and 1343 and, pendent jurisdiction of this court to consider claims under state law.

## PARTIES

2. Plaintiff, Jonathan Akubu, at all times relevant to this Complaint, was an adult resident of the City of Philadelphia and at the time of the incident was an incarcerated pretrial detainee being housed at the Curran Fromhold Correctional Facility at 7901 State Road, Philadelphia, PA 19136.

3. Defendant, Correctional Officer Wiseback is, and was at all times relevant to this Complaint, a Correctional Officer with City of Philadelphia, Department of Corrections and acting under the color of state law. He is being sued in both his individual and official capacity.

4. Defendant, Correctional Officer Tracy Grant-Pratt is, and was at all times relevant

to this Complaint, a Correctional Officer with City of Philadelphia, Department of Corrections and acting under the color of state law. He is being sued in both his individual and official capacity.

5. Defendant, Correctional Officer Tyree Holmes-Irvin is, and was at all times relevant to this Complaint, a Correctional Officer with City of Philadelphia, Department of Corrections and acting under the color of state law. He is being sued in both his individual and official capacity.

6. Defendant, Correctional Officer Oliver is, and was at all times relevant to this Complaint, a Correctional Officer with City of Philadelphia, Department of Corrections and acting under the color of state law. He is being sued in both his individual and official capacity.

7. Defendant, Commissioner Louis Giorla is, and was at all times relevant to this Complaint, Commissioner with City of Philadelphia, Department of Corrections and acting under the color of state law. He is being sued in both his individual and official capacity.

8. Defendant, Warden John Delaney is, and was at all times relevant to this complaint was the Warden at the Curran Fromhold Correctional Facility with the City of Philadelphia, and acting under color of state law. He is being sued in both his individual and official capacities

9. Defendant, Captain John/Jane Doe is, and was at all times relevant to this Complaint was Captain at the Curran Fromhold Correctional Facility with the City of Philadelphia and acting under color of state law. He/she is being sued in both his/her individual and official capacities.

10. Defendant, Sergeant DeJesus is, and was at all times relevant to this Complaint was Sergeant at the Curran Fromhold Correctional Facility with the City of Philadelphia and acting under color of state law. He/she is being sued in both his/her individual and official capacities.

11. Defendant, Lieutenant John/Jane Doe is, and was at all times relevant to this Complaint was Lieutenant at the Curran Fromhold Correctional Facility with the City of Philadelphia and acting under color of state law. He/she is being sued in both his/her individual and official capacities.

12. Defendant, Correctional Officer John/Jane Doe is, and was at all times relevant to this Complaint was a Correctional Officer at the Curran Fromhold Correctional Facility with the City of Philadelphia and acting under color of state law. He/she is being sued in both his/her individual and official capacities.

13. Defendant Correctional Officer John/Jane Doe is, and was at all times relevant to this Complaint, a Correctional Officer at the Curran Fromhold Correctional Facility with the City of Philadelphia and acting under color of state law. He/she is being sued in both his/her individual and official capacities.

14. Defendant City of Philadelphia, Pennsylvania is a municipal corporation and the public employer of the individually named defendant.

5

## FACTS

15. On September 20, 2014, at approximately 5:30 p.m. during the 3:00 p.m. to 11:00 shift, the Plaintiff was housed in the Curran Fromhold Correctional Facility in the City and County of Philadelphia. On that date, as a result of a disagreement over the use of a telephone, Plaintiff was placed in his cell and with shackles, and left there for several hours. Plaintiff repeatedly requested that the Defendant, Correctional Officer Wiseback, call his supervisor so that he could file a grievance regarding his treatment by Defendant Wiseback. Defendant Wiseback failed to contact his supervisor, and in response the Plaintiff plugged up the water in his cell in order to get the attention of a supervisor.

16. In response, Defendant Wiseback sprayed a full can of mace inside the Plaintiff's cell. Defendant Wiseback and Defendants Correctional Officers Grant-Pratt and Holmes-Irvin, took the Plaintiff, handcuffed to a belt around his waist and shackled, out of his cell in order to escort him to the infirmary to be treated for the effects of the mace.

17. As Defendants Wiseback and Grant-Pratt were escorting the Plaintiff to the medical unit, words were exchanged between Defendant Wiseback and the Plaintiff. As they reached the bottom of the steps, Defendant Wiseback grabbed the Plaintiff around the neck and placed him in a headlock lifting him off the ground. Defendant Wiseback immediately began to strike the Plaintiff in the face with his fists. While the Plaintiff was handcuffed and defenseless, Defendant Wiseback struck the Plaintiff approximately sixteen (16) times in the head with his fists. Defendant Wiseback then bit the Plaintiff on the top of the head causing his head to bleed from the bite wound. At no time did the Plaintiff do anything to justify the vicious attack he

6

suffered at the hands of Defendant Wiseback. The bite mark remains as a permanent scar on the Plaintiff's head.

18. Following his treatment in the infirmary, the Plaintiff was placed on a maximum security block, and administratively charged with assault on Defendant Wiseback.

19. Upon information and belief, the Plaintiff filed a grievance with the Defendant Commissioner Louis Giorla requesting that the tape be secured in order to prove that he did not assault Defendant Wiseback. After the Plaintiff was charged with a disciplinary infraction, he was held in punitive segregation for two weeks without a hearing. The Plaintiff was not permitted to leave his cell except to take a shower.

20. While he was held in segregation, the Plaintiff's attorney secured the tape and provided it to the media. As a direct result of widespread media attention to the assault committed against his person by Defendant Wiseback, the Plaintiff received threats from Defendant Sergeant DeJesus, as well as Defendant Wiseback. The threats of retaliation were directly related to the fact that the video tape had exposed the misconduct of Defendant Wiseback and the other defendants. Plaintiff feared for his personal safety as Defendant Wiseback continued to have access to him after Defendant Wiseback's misconduct was exposed. Plaintiff's fear was exacerbated by Defendant Wiseback's threat that a criminal charge would be fabricated against him.

21. Upon information and belief, the Plaintiff appeared at a disciplinary hearing on October 8, 2014. The Plaintiff had been charged with assaulting Defendant Wiseback. Upon information and belief, that hearing was held before Defendant Oliver,. Upon information and

7

belief, the Plaintiff was found guilty of assaulting Defendant Wiseback and sentenced to forty-five (45) days in the "hole," also known as punitive segregation. The Plaintiff had already spent a total of sixty days in punitive segregation with no access to visits, phone calls, commissary, or any of the other privileges offered pre-trial detainees.

22. Upon information and belief, the District Attorney's Office declined prosecution after reviewing the videotape that had been released to the public by the Plaintiff's defense attorney.

23. Upon information and belief, the Plaintiff appealed the administrative finding of guilt for assaulting Defendant Wiseback to Defendant Warden John Delaney. Upon information and belief, the Plaintiff's appeal was denied, even though the video clearly demonstrated that Plaintiff did not assault Defendant Wiseback.

24. Following the appeal, upon information and belief, the Plaintiff wrote a letter to Defendant Commissioner Giorla which put Defendant Giorla on notice of the facts of the Plaintiff's case. Defendant Giorla did not reverse the finding of guilt.

25. The Plaintiff was held in punitive segregation for more than four months from September 20, 2014 to January 26, 2015.

## COUNT I

### EXCESSIVE FORCE PURSUANT TO 42 U.S.C. §1983

26. Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth.

27. On or about September 20, 2014, Defendant Wiseback, without legal justification,

acted alone, jointly, or in concert with another, and acting under the color of state law, did with use excessive force upon the Plaintiff, who was handcuffed, holding him in a headlock, striking him repeatedly in the face with his fists, and then biting him on the head.

28. As a result of the conduct of Defendant Wiseback, the Plaintiff suffered pain and suffering, including a permanent scar on his head which he will have for the rest of his life. The Plaintiff suffered and continues to suffer psychological injury as a result of the assault he suffered from Defendant Wiseback.

29. The Defendant Wiseback, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution as well as 42 U.S.C. §1983.

## COUNT II

### FAILURE TO INTERVENE PURSUANT TO 42 U.S.C. SECTION 1983

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31. While Defendant Correctional Officer Grant-Pratt escorted Plaintiff from his cell to medical unit, Defendant Grant-Pratt stood by and permitted Defendant Wiseback to physically assault the Plaintiff while he was in handcuffs.

32. Defendant Grant-Pratt, while acting under the color of state law, failed to intervene and thwart the assault committed by Defendant Wiseback against the Plaintiff.

33. The Defendant Grant-Pratt, while acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth and

Fourteenth Amendments of the United States Constitution as well as 42 U.S.C. §1983.

## COUNT III

### FAILURE TO INTERVENE PURSUANT TO 42 U.S.C. SECTION 1983

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35. While Defendant Correctional Officer Holmes Irvin escorted Plaintiff from his cell to medical unit, Defendant Holmes Irvin stood by and permitted Defendant Wiseback to physically assault the Plaintiff while the Plaintiff was in handcuffs.

36. Defendant Holmes-Irvin, while acting under the color of state law, failed to intervene and thwart the assault committed by Defendant Wiseback against the Plaintiff.

37. The Defendant Homes-Irvin acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution as well as 42 U.S.C. §1983.

## COUNT IV

### CONSPIRACY TO COMMIT EXCESSIVE FORCE PURSUANT TO 42 U.S.C. §1983

38. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

39. On or about September 20, 2014, Defendants Wiseback, Grant-Pratt and Holmes-Irvin, acting under the color of state law, acted jointly and/or in concert of conspiracy with one another, did with deliberate indifference use excessive force upon the Plaintiff. The excessive force occurred as Defendant Wiseback held the Plaintiff in a headlock and repeatedly

10

struck him in the head. Additionally, Defendant Wiseback bit the Plaintiff's head causing serious bodily injury to the Plaintiff including a permanent scar on his head.

40. Defendants Wiseback, Grant-Pratt and Holmes-Irvin, while acting under the color of state law, acted jointly and/or in concert of conspiracy with one another, violated the Plaintiff's right to be free from the use of excessive force.

41. Defendants Wiseback, Grant-Pratt and Holmes-Irvin conspired to violate the Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution as well as 42 U.S.C. §1983.

## COUNT V

### VIOLATION OF DUE PROCESS PURSUANT TO 42 U.S.C. §1983

42. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

43. Upon information and belief, Defendant Wiseback, Defendant Grant-Pratt, Defendant Holmes-Irvin, Defendant Oliver, Defendant Giorla, Defendant Delaney, Defendant Captain John/Jane doe, Defendant Sergeant DeJesus, Defendant Lieutenant John/Jane Doe, Defendant Correctional Officer John/Jane Doe and Defendant Correctional Officer John/Jane Roe, all acting under the color of state law, caused Plaintiff to be falsely charged in an administrative process with assault on Defendant Wiseback, resulting in the Plaintiff's confinement in punitive segregation for a period of four months.

44. Upon information and belief, and despite clear evidence, including the videotape that was available to all of the Defendants and released to the public, the Plaintiff was wrongfully

found guilty of offenses with respect to the above mentioned incident involving Defendant Wiseback.

45. Upon information and belief, and following a hearing, the Plaintiff's appeal was denied by Defendant Warden John Delaney and Defendant Commissioner Louis Giorla. The Defendants, while acting under the color of state law, falsely charged and unlawfully placed the Plaintiff in punitive segregation, confined in a cell with limited access to commissary, telephone calls and visits for a period of four (4) months, all in violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as 42 U.S.C. §1983. As a direct and proximate cause of all the named and unnamed Defendants unlawful actions, the Plaintiff suffered psychological harm, emotional pain and suffering.

## COUNT VI

### CONSPIRACY TO VIOLATE OF DUE PROCESS PURSUANT TO 42 U.S.C. §1983

46. Paragraphs 1 through 45 are incorporated herein by reference as though fully set forth.

47. Upon information and belief, Defendant Wiseback, Defendant Grant-Pratt, Defendant Holmes-Irvin, Defendant Oliver, Defendant Giorla, Defendant Delaney, Defendant Captain John/Jane doe, Defendant DeJesus, Defendant Lieutenant John/Jane Doe, Defendant Correctional Officer John/Jane Doe and Defendant Correctional Officer John/Jane Roe, all acting under the color of state law, caused Plaintiff to be falsely charged through an administrative hearing with assault on Defendant Correctional Officer Wiseback and detained him in punitive segregation for a period of four months. Despite clear evidence, including the videotape that was

available to all of the Defendants and released to the public, the Plaintiff was found guilty of offenses with respect to the incident and denied his appeal by the Defendant Warden John Delaney and Defendant Commissioner Louis Giorla.

48. Upon information and belief, the Defendants, while acting under the color of state law, falsely charged and unlawfully placed the Plaintiff in punitive segregation, as well as denied, and/or limited access to commissary, telephone calls and visits during the course of the four month detention, all in violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as 42 U.S.C. §1983.  As a direct and proximate cause of all the named and unnamed Defendants unlawful actions, the Plaintiff suffered harm, injury, emotional pain and suffering.

## COUNT VII

### COMMON LAW ASSAULT AND BATTERY AGAINST DEFENDANT CORRECTIONAL OFFICERS WISEBACK, GRANT-PRATT AND HOLMES IRVIN PURSUANT TO 42 U.S.C. §1983

49. Paragraphs 1 through 48 are incorporated herein by reference as though fully set forth.

50. On or about September 20, 2014, , Defendants Wiseback, Grant-Pratt, Holmes-Irvin, acted alone, jointly and/or in concert and conspiracy, did knowingly, intentionally, maliciously, recklessly and/or negligently commit an assault and battery upon the Plaintiff resulting in harm, injury, emotional pain and suffering.

51. As a result of the conduct, Defendants Wiseback, Grant-Pratt, Holmes-Irvin, Oliver, the Plaintiff resulting in harm, injury, emotional pain and suffering.

52. The actions and conduct of the Defendants Wiseback, Grant-Pratt, Holmes-Irvin, Oliver, exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and therefore, punitive damages are necessary and appropriate.

## COUNT VIII

### CITY OF PHILADELPHIA
### PURSUANT TO 42 U.S.C. §1983

53. Paragraphs 1 through 52 of this Complaint are incorporated herein by reference.

54. Pursuant to 42 U.S.C. §1983, the City of Philadelphia developed and maintained practices exhibiting deliberate indifference to the constitutional rights of individuals while incarcerated as pretrial detainees, including the policy regarding use of force which caused a violation of the Plaintiff's rights in this case.

55. It was the policy and/or custom of the City of Philadelphia to inadequately and improperly investigated claims of excessive force by Correctional Officers acting under the color of state law, against pretrial detainees and inmates, specifically, striking inmates while in handcuffs.

56. It was the policy and/or custom of the City of Philadelphia to inadequately supervise, train, retrain and discipline its correctional officers, including the Defendant correctional officers in this case, who have in the past used excessive force, thereby failing to adequately discourage further constitutional violations on the part of its correctional officers. The City of Philadelphia Department of Corrections does not require the appropriate in-service training or retraining of its correctional officers who are known to have engaged in use of

excessive force.

57. As a result of the above-described policies and customs, the Correctional Officers of the City of Philadelphia, including the Defendant correctional officers named in this case, believe that their actions would not be properly monitored by supervisory officers, and that the misconduct, including the use of excessive force, would not be investigated or punished, but rather would be tolerated.

58. The above-described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the City of Philadelphia, including Defendant Commissioner Louis Giorla to the constitutional rights of persons within the City of Philadelphia's prisons, specifically the Fourth and Fourteenth Amendments to the United States Constitution, as well as the due process clause, as well as 42 U.S.C. §1983, and were the direct cause of the violations of the Plaintiff's rights alleged therein.

## COUNT IX

### CITY OF PHILADELPHIA
### PURSUANT TO 42 U.S.C. §1983

59. Paragraphs 1 through 58 of this Complaint are incorporated herein by reference.

60. Pursuant to 42 U.S.C. §1983, the City of Philadelphia developed and maintained practices exhibiting deliberate indifference to the constitutional rights of individuals while incarcerated as pretrial detainees including the policy regarding disciplinary proceedings which caused a violation of the Plaintiff's rights in this case.

61. It was the policy and/or custom of the City of Philadelphia to inadequately and improperly investigated claims that the Philadelphia Correctional Officers have used excessive

force against pretrial detainees and inmates, and then falsely accuse the inmate, subjecting them to administrative disciplinary proceedings designed to protect the correctional officers from accusations of wrong doing.  The disciplinary proceedings as implemented, undermine an accused inmate's due process rights by failing to provide a fair and independent disciplinary hearing process.  The Philadelphia Prison policy personnel and Officials in charge of this disciplinary process, including the Defendant Warden and Defendant Commissioner, were acting under the color of state law in violating the Plaintiff's right to a fair and independent disciplinary process, in violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

62.    As a result of the above-described policies and customs, the Correctional Officers of the City of Philadelphia, including the Defendant correctional officers named in this case, believe that their actions would not be properly monitored by supervisory officers, and that the misconduct including the use of excessive force would not be investigated or punished, but rather would be tolerated. Furthermore, the actions of the Defendant Officers would be protected by an inmate disciplinary process which would protect them from accusations of misconduct by an inmate.

63.    The above-described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the City of Philadelphia, including Defendant Commissioner Giorla to the constitutional rights of persons within the City of Philadelphia's prisons, specifically the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. §1983, and were the direct cause of the violations of the Plaintiff's rights alleged therein.

WHEREFORE, the Plaintiff requests the following relief:

 (a) Compensatory damages to the Plaintiff against the Defendants jointly and severally;

 (b) Punitive damages to the Plaintiff against the Defendants jointly and severally;

 (c) Reasonable attorney's fees and costs to the Plaintiff on Counts One, Two, Three and Six of the Complaint;

 (d) Such other and further relief as appears reasonable and just.


/s/ Paul J. Hetznecker, Esquire
Paul J. Hetznecker, Esquire
Attorney for Plaintiff


Date: June 12, 2015